```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )       Chapter 13
ROBERT NEAL HARKEN and          )
PATRICIA G. HARKEN              )       Bankruptcy No. 04-02914
                                )
      Debtors.                  )
```

### ORDER RE VALUATION HEARING

This matter came before the undersigned on November 17, 2004 pursuant to assignment.  Debtors Robert and Patricia Harken were represented by attorney Don Gottschalk.  Capital One Auto Finance was represented by attorney Sara Miller.  After the presentation of evidence and argument, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L).

### STATEMENT OF THE CASE

Capital One objects to confirmation of Debtors' proposed Chapter 13 plan.  It asserts the plan undervalues its security interest in Debtors' vehicle and fails to pay its secured claim in full.  The Court set this hearing to determine the value of the collateral vehicle.

### FINDINGS OF FACT

Debtors' Chapter 13 plan provides for payment of Capital One's claim which is secured by their vehicle, a 2004 Hyundai Sonata.  Paragraph 3 of the Plan states that Debtors will pay the claim in the total amount of $16,000 with 8% interest per annum.  The balance of Capital One's claim is to be treated as unsecured debt.

Capital One objects to confirmation of Debtors' Chapter 13 plan.  It asserts the Plan should provide for payment of the full amount of the contract balance, $21,165.04, at the contract rate of interest of 19.95%.  The Bank asserts the retail value of the vehicle is $18,739.  The Bank's Exhibit 3 is a N.A.D.A. Official Used Car Guide Vehicle Valuation stating that is the adjusted retail value of the vehicle.  At the hearing, the Bank conceded that annual interest of 19.95%

is outside the reasonable range required for Plan confirmation.

Debtors' Exhibit A is a Blue Book Retail Report from the Kelley Blue Book website. It states the retail value of the car is $15,590. Debtors purchased this vehicle and executed an installment contract, note and security agreement on June 12, 2004. The amount they financed at that time, including taxes and fees, was $20,494.77. They have made no payments under the contract. Debtors filed their bankruptcy petition on July 28, 2004.

**CONCLUSIONS OF LAW**

The presumption of the prima facie validity of the Bank's claim in Rule 3001(f) applies to this valuation hearing arising in the context of Chapter 13 plan confirmation. Debtors have the burden of coming forward with sufficient evidence to rebut that presumption. If Debtors present sufficient evidence to rebut this presumption, the burden then transfers to Capital One to assume the ultimate burden of persuasion on the issue of the value of the collateral securing its claim. In re Roberts, 210 B.R. 325, 328 (Bankr. N.D. Iowa 1997).

The Supreme Court has embraced the replacement-value approach to valuing collateral in Assocs. Commercial Corp. v. Rash, 520 U.S. 953, 965 (1997). It held "the value of property retained because the debtor has exercised the § 1325(a)(5)(B) 'cram down' option is the cost the debtor would incur to obtain a like asset for the same 'proposed ... use.'" Id.; see also Roberts, 210 B.R. at 328 (applying the Rash standard).

In Till v. SCS Credit Corp., 124 S. Ct. 1951, 1961 (2004), the Supreme Court adopted the "formula approach" to determine the appropriate interest rate to apply in a Chapter 13 cram down. This approach applies the national prime rate plus a risk adjustment of generally between 1 and 3%. Id. at 1961-62. "The appropriate size of that risk adjustment depends, of course, on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." Id. at 1961. This is similar to the approach adopted by this court in In re Noe, 76 B.R. 675, 678 (Bankr. N.D. Iowa 1987) (Chapter 11 case). In that case, the Court applied a base rate, usually that of a

2

U.S. treasury bond with the same maturity as that proposed in the plan, plus some risk premium, usually 2 percent.  Id.; see also In re Michels, 301 B.R. 9, 16 (Bankr N.D. Iowa 2003) (Chapter 12 case).

## ANALYSIS

Based upon the foregoing, the Court concludes that the value of Debtors' 2004 Hyundai Sonata is $18,739, as proposed by Capital One.  This vehicle was new within six weeks before Debtors filed their Chapter 13 petition.  Capital One's N.A.D.A. valuation is accepted as a standard in the industry.  The record does not contain any indication that the vehicle has sustained any damage or other reduction in value.  Capital One has sustained its burden that the value of $18,739 is the cost Debtors would incur to obtain a like asset for the same proposed use.

According to the Wall Street Journal, the prime rate was 5.00% at the time of the valuation hearing.  Applying the Till formula approach, this interest rate plus a risk adjustment is applicable to this case.  In the circumstances, the Court will accept Debtors' proposed rate of 8% per annum as the proper amount of interest to be paid to Capital One during Debtor's Chapter 13 plan.

**WHEREFORE**, Capital One Automotive Finance's Objection to Chapter 13 Plan is sustained in part.

**FURTHER**, the value of Capital One's collateral 2004 Hyundai Sonata is $18,739.

**FURTHER**, Debtors' Chapter 13 plan is not confirmable unless it pays Capital One this amount in full with interest at 8% per annum.

**DATED AND ENTERED**: November 29, 2004

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE